FULMER, Judge.
Anthony Smith appeals his convictions for armed burglary and armed robbery, both of which occurred on February 17, 2001. We affirm his conviction for armed robbery without discussion. However, we reverse his conviction for armed burglary and remand for a new trial. On remand, the trial court is also directed to consider whether the outcome of the armed burglary charge necessitates resentencing on the armed robbery charge and, if so, to resen-tence Smith accordingly.
Smith argues that the trial court committed fundamental error by instructing the jury that burglary could be committed by “remaining in” a structure, contrary to the rule announced in Delgado v. State, 776 So.2d 238 (Fla.2000), in which the supreme court held that “the ‘remaining in’ language applies only in situations where the remaining in was done surreptitiously.” 776 So.2d at 240. We agree. There was *618 no evidence presented in Smith’s trial that would support a “surreptitious remaining.”
In concluding that Delgado applies in Smith’s case, we align ourselves with the views expressed by the First District Court of Appeal in Foster v. State, 861 So.2d 434 (Fla. 1st DCA 2002), clarified on reh’g, (Dec. 24, 2003), and likewise certify the following question as one of great public importance:
HAS SECTION ONE OF CHAPTER 2001-58, LAWS OF FLORIDA, LEGISLATIVELY OVERRULED DELGADO V. STATE, 776 So.2d 233 (Fla. 2000), AS TO CASES NOT FINAL AT THE TIME OF SUCH DECISION IN WHICH THE OFFENSES WERE COMMITTED ON OR AFTER FEBRUARY 1, 2000, THEREBY PERMITTING A TRIAL COURT TO INSTRUCT A JURY THAT IT MAY FIND A DEFENDANT GUILTY OF BURGLARY, DESPITE EVIDENCE SHOWING A LEGAL ENTRY INTO THE PREMISES AND THAT AN OFFENSE WAS COMMITTED THEREIN WHILE THE DEFENDANT REMAINED WITHIN NON-SURREPTITIOUSLY?
Affirmed in part, reversed in part, question certified, and remanded with directions.
WALLACE, J., and DANAHY, PAUL W., Senior Judge, concur.