SALCINES, Judge.
Thomas James Baltimore appeals his conviction for burglary of a dwelling which allegedly occurred on May 11, 2001. Baltimore has asserted that fundamental error occurred because the jury was instructed that he could be found guilty of burglary, even with consensual entry into the victim’s dwelling, if Baltimore formed the intent to commit an offense either before entering or while “remaining in” the structure. The “remaining in” language of the jury instruction was contrary to the rule announced in Delgado v. State, 776 So.2d 233 (Fla.2000), in which the supreme court held that “the ‘remaining in’ language applies only in situations where the remaining in was done surreptitiously.” 776 So.2d at 240. In the present case, there *627 was no evidence presented at trial to support a “surreptitious remaining in” the dwelling by Baltimore. His conviction must be reversed and remanded for a new trial.
In concluding that Delgado applies to Baltimore’s case, we follow our holding in Smith v. State, 867 So.2d 617 (Fla. 2d DCA 2004), in which we aligned this court with the views of the First District Court of Appeal in Foster v. State, 861 So.2d 434, 442-43 (Fla. 1st DCA 2002) (opinion on rehearing).
Reversed and remanded for new trial.
FULMER, J., and DANAHY, PAUL W., Senior Judge, Concur.